IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD DIGORIO, JR.<br>EDWARD KESSLER | Criminal No. 24 - 59 |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A two-count Information was filed against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 & 2 | Major Fraud Against the United States<br><br>Count 1: On or about December 27, 2016<br>Count 2: On or about January 25, 2018 | 18 U.S.C. §§ 1031(a)(2) and 2 |

### II. ELEMENTS OF THE OFFENSES

A. **As to Counts 1 and 2:**

In order for the crime of Major Fraud Against the United States, in violation of 18 U.S.C. §§ 1031(a)(2) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly executed or attempted to execute a scheme or

artifice to obtain money or property from the United States, by means of false or fraudulent pretenses, representations, or promises;

   2. The defendant executed or attempted to execute the scheme or artifice in the procurement of property or services as a contractor, subcontractor, or supplier on a contract with the United States; and

   3. The value of the contract, subcontract, or constituent part thereof was $1,000,000 or more.

Authority: 18 U.S.C. §1031; Pattern Crim. Jury Instr. 11th Cir. (2010); <u>United States v. Frequency Electronics, Inc.</u>, 862 F. Supp. 834 (E.D.N.Y. 1994).

### III. <u>PENALTIES</u>

 **A.** **As to Counts 1 and 2: Major Fraud Against the United States (18 U.S.C. §§ 1031(a)(2) and 2):**

   1. Individuals - The maximum penalties for individuals are:

    (a) Imprisonment for not more than 10 years (18 U.S.C. § 1031);

    (b) A fine of not more than the greater of

     (1) $1,000,000 (18 U.S.C. § 1031(a));

      <u>OR</u>

     (2) $5,000,000 if the gross loss to the Government or the gross gain to the defendant is $500,000 or greater, but not more than a total of $10,000,000 (18 U.S.C. §§ 1031(b)(1) and 1031(c));

      <u>OR</u>

     (3) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than

the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process pursuant to 18 U.S.C. § 3571(d) (18 U.S.C. §1031(d));

    (c)    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    (d)    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*s/ Carolyn J. Bloch*
CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430